UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROBERT R. DYER, )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>KAMALA D. HARRIS, et al., )<br>)<br>    Defendants ) | 2:24-cv-00353-NT |

**ORDER ON MOTION FOR SUMMONS AND
RECOMMENDED DECISION ON PLAINTIFF'S COMPLAINT**

In his complaint, Plaintiff asks the Court to determine that Presidential candidate Kamala D. Harris does not satisfy the constitutional requirements to serve as President of the United States. Plaintiff, who asserts that he is a "registered and recognized Presidential candidate in the State of Maine representing the Defenders of America party slate," seeks declaratory and injunctive relief. (Complaint at 3, ECF No. 1.) Plaintiff moves the Court to issue summonses for four of the named defendants. (Motion for Summons, ECF No. 7.)

Following a review of the record and after consideration of Plaintiff's request, I deny the motion for summons and recommend the Court dismiss the matter.

**DISCUSSION**

Issues of subject matter jurisdiction "can be raised sua sponte at any time" because they relate to the fundamental Article III limitations on federal courts. *See McBee v. Delica Co.*, 417 F.3d 107, 127 (1st Cir. 2005). Standing "is a prerequisite to a federal court's subject matter jurisdiction." *Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 730 (1st Cir. 2016). A court may dismiss a complaint before service of the complaint where the court

lacks subject matter jurisdiction. *Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010) ("Contrary to appellant's assertions, a district court may dismiss a complaint sua sponte prior to service on the defendants pursuant to Fed.R.Civ.P. 12(h)(3) when, as here, it is evident that the court lacks subject-matter jurisdiction"); *Rutledge v. Skibicki*, 844 F.2d 792 (9th Cir. 1988) ("The district court may sua sponte dismiss a complaint prior to the issuance of a summons if the court clearly lacks subject matter jurisdiction or lacks jurisdiction because the claim is wholly insubstantial and frivolous"). *Best v. Kelly*, 39 F.3d 328, 331 (D.C. Cir. 1994) (suggesting that dismissal for lack of jurisdiction may be warranted for complaints such as "bizarre conspiracy theories," "fantastic government manipulations of their will or mind," or "supernatural intervention").

The United States Constitution's limitation on the federal courts' authority requires that a party invoking federal jurisdiction establish: (1) an injury in fact that is concrete and particularized, and actual or imminent, not merely conjectural or hypothetical; (2) a causal connection between the injury and conduct complained of; and (3) a likelihood, as opposed to mere speculation, that the injury could be redressed with a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). "Federal courts across the country have consistently held that individual citizens do not have Article III standing to challenge whether another citizen is qualified to hold public office." *Perry-Bey v. Trump*, No. 123CV1165LMBIDD, 2023 WL 9051260, at *3–4 (E.D. Va. Dec. 29, 2023) (collecting cases). In general, "[a] public official's title to office is an injury particularized to an individual only if that individual has 'an interest in the office itself'—if he or she sought

the office at the same time as the current officeholder." *Sibley v. Obama*, 866 F. Supp. 2d 17, 20 (D.D.C. 2012) (quoting *Newman v. United States ex rel. Frizzell*, 238 U.S. 537, 550 (1915)); *see also*, *Castro v. Scanlan*, 86 F.4th 947, 954–57 (1st Cir. 2023) (discussing the narrow circumstances where a "direct and current competitor" for an office has the requisite concrete interest in adjudicating another individual's qualifications to confer standing to sue).

Here, Plaintiff alleges that he has standing because he is a "registered and recognized Presidential candidate in the State of Maine representing the Defenders of America party slate." (Complaint at 3.) Plaintiff, however, is not among the individuals included on the Maine Secretary of State's list of candidates to appear on the general election ballot.[1] Plaintiff cannot simply declare himself to be a candidate for President and have standing. *Castro*, 86 F.4th at 958 (1st Cir. 2023) ("[W]e do not see how we may accept a definition of 'direct and current competitor' in the political context that is based on a plaintiff's mere 'self-declaration' of political candidacy."). In short, Plaintiff lacks standing to seek the relief requested and, therefore, the Court lacks subject matter jurisdiction over Plaintiff's claim.

## CONCLUSION

Based on the foregoing analysis, I deny the motion for summons and recommend the Court dismiss the matter for lack of subject matter jurisdiction.

---

[1] *Upcoming Elections*, DEPARTMENT OF THE SECRETARY OF STATE, https://www.maine.gov/sos/cec/elec/upcoming/index.html, (last visited Nov. 4, 2024).

## **NOTICE**

Any objections to the order on the motion for summonses shall be filed in accordance with Federal Rule of Civil Procedure 72.

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which de novo review by the district court sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 4th day of November, 2024.