UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ROBERT R. DYER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:24-cv-00353-NT |
| | ) | |
| KAMALA D. HARRIS, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON MOTION FOR RECONSIDERATION**

In his complaint, Plaintiff asks the Court to determine that Kamala D. Harris does not satisfy the constitutional requirements to serve as President of the United States and to invalidate the votes cast for the "Democratic Party Slate." (Complaint, ECF No. 1.) After a review of Plaintiff's complaint, I determined that Plaintiff lacked standing to assert the claim and recommended that the Court dismiss the complaint. (Recommended Decision, ECF No. 10.) Plaintiff asks that I reconsider the Recommended Decision. (Motion, ECF No. 15.)

"Ordinarily, a motion for reconsideration is appropriate only if a moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the moving party can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." *In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 660 F. Supp. 2d 94, 97 (D. Me. 2009). "A motion for reconsideration is not a vehicle to force the court to think twice; it is not an opportunity for the losing party simply to press his unsuccessful arguments a second time in the hope that, by repetition, the court will see

it that way." *Int'l Ass'n of Machinists & Aerospace Workers v. Verso Corp.*, 121 F. Supp. 3d 201, 217 (D. Me. 2015) (internal quotation marks and citations omitted).

Plaintiff maintains that he was a legitimate write-in candidate for President and, therefore, he has standing. Plaintiff cannot simply declare himself to be a candidate for President and have standing. *Castro v. Scanlan*, 86 F.4th 947, 958 (1st Cir. 2023) ("[W]e do not see how we may accept a definition of 'direct and current competitor' in the political context that is based on a plaintiff's mere 'self-declaration' of political candidacy."). Plaintiff's "'status as a write-in candidate is insufficient to confer standing.'" *Castro*, 86 F.4th at 958 (quoting *Sibley v. Alexander*, 916 F. Supp. 2d 58, 61 (D.D.C. Jan. 8, 2013)). Accordingly, I deny Plaintiff's motion for reconsideration.

## NOTICE

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 20th day of November, 2024.